GREEN, J.
delivered the opinion of the court.
The qnestion here is, whether the Judge erred in his charge to the jury.
In order to the formation of a correct opinion in this cause, it is proper to remark, that whatever may be said in'relation to the defendant’s rights and liabilities must be understood as relating to the whole dower estate. She was not bound to notice any division which may have been made of the reversionary interest among the heirs; she took the dower estate as it was assigned to her with *339 the rights and liabilities which attach to that as a whole; and although she may have destroyed all the timber which was oh that part of one of the lots included in her dower, yet, if the dower estate was not injured, but benefited thereby, she would not be guilty of waste; for that is the great criterion by which to determine whether waste has been committed, as that only which does a lasting damage to the inheritance, or depreciates its value, is waste. It is clear, that the cutting timber and clearing land instead of being waste would often greatly enhance the value-of the inheritance. In this country, where so large a proportion of the lands are wild, and yet in forest, it is often of great advantage to the estate to destroy the timber and reduce the land to a state of cultivation. 3 Dane’s Ab. 214, 215: 4 Kent 76-7.
It is not a question then, whether the dowager cut the timber from this fifteen acres as a necessary means of support, but it is, did she materially injure the dower estate thereby; if so, she would be liable to an action for waste, but if not, although the clearing was not necessary for her support, and although she may have done it for the purposes of profit, she is not liable. If the cleared land on the dower estate was old and worn, and if the proportion of wood land was such as that a prudent farmer would have considered it best to reduce a portion of it to cultivation, whereby to relieve the old land from excess of culture, and thus enhance the value of the whole dower estate, such clearing would not be waste, provided, “sufficient timber for the permanent use of the dower estate” were left. 7 John. Rep. 227: 4 Kent 76.
In respect to the privilege of a tenant for life, in the destruction of timber, the law must necessasily be varied in this country from the English doctrine. There, we could not well conceive of the destruction of timber without attaching to it the idea of an injury to the estate, as timber is scarce, and forest trees are planted and raised for fuel and for timber, it is of too much value to per- *340 m5t its unnecessary destruction. That not being the state of things here, but on the contrary, as a benefit often results to the estate from clearing away the timber, it would be absurd to apply the rigid principles of the English law to a state of things wholly variant from theirs.
We are therefore of opinion there was no error in the charge of the court, and order the judgment to be affirmed.
Judgment affirmed.